**IN THE UNITED STATES DISTRICT COURT**
**OF THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-23797

LEONORA BUTLER,

      Plaintiff,

v.

CARNIVAL CORPORATION D/B/A
CARNIVAL CRUISE LINE,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, LEONORA BUTLER, by and through her undersigned attorney, files this Complaint and sues Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE ("CARNIVAL"), and alleges:

1.      This is an action for damages arising under admiralty and maritime jurisdiction as a result of personal injuries incurred upon the Defendant's vessel while at sea. This cause is brought in the United States District Court of the Southern District of Florida, pursuant to the forum-selection clause set forth in the Passenger's/Plaintiff's cruise ticket with the Defendant.

2.      This Court has jurisdiction over this matter as set forth in 28 U.S.C. § 1333 as this lawsuit arises out of a maritime and admiralty claim and is controlled by the general maritime law of the United States. Further, Plaintiff is seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees. This Court therefore has jurisdiction based on diversity of citizenship 28 U.S.C. § 1332.

3.      At all times material hereto, Plaintiff, LEONORA BUTLER, has been a resident of the State of South Carolina and was and is sui juris.

4.      At all times material hereto, Defendant, CARNIVAL, was and is a for-profit corporation which is based in and/or has agents in Miami, Florida. The Defendant is authorized to conduct business in the State of Florida and has actively done so. The Defendant maintains its principal place of business in Miami, Florida.

5.      Therefore, jurisdiction and venue are appropriate in the United States District Court for the Southern District in Miami, Florida.

## GENERAL ALLEGATIONS

The Plaintiff hereby re-pleads and incorporates paragraphs 1 through 5 above as though fully set forth herein and further states, as follows:

6.      At all times material hereto, the Defendant was a for-profit company which owned and operated cruise ships with the express purpose of transporting fare-paying passengers on its various vessels.

7.      On June 11, 2025, and at all times material hereto, CARNIVAL owned, operated, managed, and/or controlled the ship M/V CARNIVAL VALOR.

8.      On June 11, 2025, and at all times material hereto, Plaintiff was a fare paying passenger and business invitee aboard the M/V CARNIVAL VALOR for the purpose of enjoying a vacation cruise.

9.      At all times material hereto, CARNIVAL owed a nondelegable duty to Plaintiff to provide safe ingress and egress to the subject vessel, including the duty to use reasonable care in embarking Plaintiff on the vessel M/V CARNIVAL VALOR via wheelchair which was manned by a CARNIVAL crewmember and/or agent of CARNIVAL.

10.     Alternatively, CARNIVAL and/or its employees and/or agents, at all material times, engaged in certain affirmative undertakings, as hereinafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

11.     On or about June 11, 2025, and at all times material hereto, Plaintiff LEONORA BUTLER was lawfully and properly a fare-paying passenger and business invitee on board the M/V CARNIVAL VALOR.

12.     At all material times, the M/V CARNIVAL VALOR had a gangway leading from the subject vessel for the embarkation and disembarkation of disabled guests.

13.     On or about June 11, 2025, Plaintiff LEONORA BUTLER who is disabled, was embarking said vessel via wheelchair. She was being assisted by a member of the M/V CARNIVAL VALOR's crew and/or an agent, who was pushing her wheelchair.

14.     As she was embarking the ship, the M/V CARNIVAL VALOR crewmember and/or agent either broke the wheelchair and/or lost his/her balance which caused the individual to lose control of Plaintiff's wheelchair, causing it to roll directly into the wall of the ship with her feet and body making significant impact.

15.     The accident occurred due to the unsafe design and condition of the subject gangway and/or due to the crewmember and/or agent's failure to inspect the wheelchair and/or due to the failure to exercise reasonable care in operating the wheelchair with the disabled Plaintiff sitting in the wheelchair.

16.     The accident also occurred due to the CARNIVAL crew member or agent's negligent failure to exercise reasonable care under the circumstances, which is directly imputable to Carnival.

17.     The Defendant knew or should have known that the risk of an accident involving embarkation of disabled passengers via wheelchair is heightened because of the general physics of a sloped gangway, and that gangways must be free of defects, and that crewmembers and/or agents must be properly trained in the safe handling of disabled guests who are entrusted to their care.

18.     Further, Defendant's crewmember and/or agent negligently assisted Plaintiff in her embarkation onto the vessel. Said crewmember was either negligently trained, or negligently failed to follow his/her training, either of which is directly imputable to CARNIVAL as said crewmember was acting in the course and scope of his/her employment when embarking Plaintiff onto the subject vessel. CARNIVAL authorized the crewmember and/or agent to act on its behalf in embarking the Plaintiff in the wheelchair which undertaking was accepted. CARNIVAL retained the right of control and did control the conduct, activities, and/or actions by which the crewmember and/or agent performed the acts described herein. And the crew member and/or agent was acting within the course and scope of this relationship at all times material to this incident.

19.     In the present care, the subject gangway on the M/V CARNIVAL VALOR at all relevant times was unreasonably safe as follows:

a. The subject gangway was too steep; and/or

b. The subject gangway contained a defect or change of elevation that caused Defendant's employee, crewmember, and/or agent to lose control of said wheelchair, causing Plaintiff severe injury.

20.     In the present care, the CARNIVAL crewmember and/or agent was negligent in embarking Plaintiff as follows:

a. The crew member and/or agent knew or should have known of the subject defect in the subject gangway and should have taken precautions to avoid losing control of Plaintiff's wheelchair while she was in said wheelchair.

b. The crewmember and/or agent knew or should have known of the subject defect in the wheelchair and should have taken precautions to avoid losing control of Plaintiff's wheelchair while she was in said wheelchair.

c. The crewmember and/or agent failed to inspect the subject gangway for defects or changes of angle before embarking a disabled passenger via wheelchair.

d. The crewmember and/or agent failed to inspect the subject wheelchair before embarking a disabled passenger via wheelchair.

e. The crewmember and/or agent negligently lost control of the subject wheelchair.

f. The crewmember and/or agent negligently failed to request assistance in embarking Plaintiff.

g. The crewmember and/or agent failed to warn Plaintiff of the dangers of being embarked via wheelchair, considering that there were multiple other similar incidents.

21. Crewmembers of and on board the M/V CARNIVAL VALOR who were either employees or agents of the Defendant had a duty to act with reasonable care to prevent harm to passengers and guests, such as the Plaintiff.

22. All conditions precedent to this action have been met or waived.

<u>**COUNT I – NEGLIGENCE**</u>

The Plaintiff hereby re-pleads and incorporates paragraphs 1 through 22 above as though fully set forth herein and further states, as follows:

23. On or about June 11, 2025, and continuing thereafter, Defendant breached the duty owed to Plaintiff by committing one or more of the following acts and/or was negligent in the operation, maintenance or control of the M/V CARNIVAL VALOR and its appurtenances, including its gangway and wheelchair, in the following respects:

a. The Defendant failed to exercise reasonable care for the safety of its passengers, including Plaintiff, by creating a dangerous condition in and around the vessel's gangway.

b. The Defendant failed to exercise reasonable care for the safety of its passengers, including Plaintiff, by creating a dangerous condition with respect to the wheelchair that Plaintiff was using to embark the ship.

c. The Defendant failed to provide reasonable safe means of ingress and egress from the subject vessel for its passengers, including Plaintiff, reasonably designed for the safety of its passengers.

d. The Defendant failed to properly inspect the subject gangway before the incident in question.

e. The Defendant failed to properly inspect the subject wheelchair before the incident in question.

f. The Defendant failed to properly test, clean, and/or repair the subject gangway before the incident in question.

g. The Defendant failed to properly test and/or repair the subject wheelchair before the incident in question.

h. The Defendant failed to warn passengers, including Plaintiff, whom Defendant knew or should have known would be using the subject gangway of the dangerous condition which existed when passengers used that area of the ship.

i.      The Defendant failed to warn passengers, including Plaintiff, of the danger condition regarding the broken wheelchair which it either knew or should have known of.

j.      The Defendant failed to properly train its employees and/or agents in the use of the subject gangway for the embarkation of disabled passengers, including Plaintiff.

k.      The Defendant allowed a dangerous condition to exist notwithstanding prior incidents involving similar accidents aboard the M/V CARNIVAL VALOR and other vessels in its fleet of cruise ships.

l.      The Defendant failed to post adequate warnings to passengers of the dangerous and unsafe condition in and about the subject gangway and other vessels in its fleet of cruise ships.

m.      The Defendant failed to provide a sufficient number of crew members to complete the subject embarkation process.

n.      The Defendant failed to provide an appropriately designed gangway.

o.      The Defendant failed to provide a wheelchair free of defects to Plaintiff.

p.      The Defendant's employees and/or agents operating in the course and scope of their employment failed to safely embark Plaintiff.

q. Other acts of fault and negligence which will be proven at the trial of this matter.

24.      Said unreasonably dangerous conditions existed for a sufficient amount of time that Defendant knew or should have known of said dangerous conditions and should have taken steps to correct the unsafe conditions in a timely manner. Defendant was on actual or constructive notice of the presence of said conditions.

25.      Defendant was also on constructive notice of the unsafe condition in that it negligently selected an unsafe wheelchair and unsafe design for the area in question, thereby causing a hazard where disabled passengers and business invitees were expected to traverse. Said negligent

selection and design make Defendant liable for actually creating the unreasonably dangerous condition which caused Plaintiff's injuries.

26.     Defendant, CARNIVAL, at all relevant times, knew or should have known of the aforementioned risks, hazards, and dangerous conditions with respect to the wheelchair and subject gangway, based upon the actual knowledge and activities of its employees and/or agents, based upon knowledge of its own passengers' prior mishaps with wheelchairs and/or the same or similar gangways for the subject vessel and/or elsewhere in Defendant's fleet of vessels, and based upon the Defendant's actual knowledge of the condition of the wheelchair and gangway at all relevant times. Defendant failed to take reasonable steps to correct the hazards and failed to warn Plaintiff of the hazards.

27.     The Defendant, at all relevant times, negligently failed to research, and/or to inspect for, and/or to assess and/or to take reasonable and feasible steps to correct and/or to mitigate, and/or to warn Plaintiff concerning the mentioned hazards, risks, dangerous conditions, or to undertake repairs that were feasible with respect to the wheelchair and subject gangway.

28.     CARNIVAL, at all material times, breached its aforementioned nondelegable duties by failing to inspect or maintain the subject wheelchair and gangway, and/or by selecting a wheelchair and/or gangway that was unreasonably dangerous, which constituted an unreasonable risk of harm to its passengers, including the Plaintiff.

29.     Defendant's negligence, as described above, caused the injuries Plaintiff complains of in this lawsuit.

30.     As a result of the Defendant's negligence, the Plaintiff has sustained damages and was injured in and about her body and extremities, suffered physical, emotional and mental pain, disfigurement, mental anguish, significant and permanent scarring, loss of the capacity of the

enjoyment of life, incurred expenses of hospitalization, medical and nursing care and treatment, enhanced medical insurance costs, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition. The injuries are either permanent or continuing in nature and the Plaintiff will suffer further losses and impairments in the future.

31.     Defendant is at fault for causing Plaintiff's injuries and is liable to her for the above-described damages which are continuing and permanent in nature.

32.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LEONORA BUTLER, demands judgment against the Defendant, CARNIVAL, for damages in an amount determined by the trier-of-fact as well as for costs, pre-judgment and post-judgment interest and hereby demands a trial by jury of all issues so triable as a matter of right and/or by consent of the parties.

## DEMAND FOR JURY TRIAL

The Plaintiff, LEONORA BUTLER, demands a trial by jury of all issues so triable as a matter of right.

Dated on this 29th day of May, 2026.

LESSER, LANDY, SMITH & SIEGEL, PLLC
Attorney for Plaintiff(s)
420 Columbia Drive, Ste. 110
West Palm Beach, FL 33409
Telephone:     (561) 655-2028
Facsimile:     (561) 655-2033

/s/ Ryan M. McCarthy
_____

Ryan M. McCarthy, Esq.
Florida Bar No. 105373
E-mail:RMcCarthy@lesserlawfirm.com
        dholloway@lesserlawfirm.com